JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

* Jesus Torres and David Johnson

## DEFENDANTS

Gallup & Whalen Santa Maria

**(b)** County of Residence of First Listed Plaintiff Contra Costa
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Contra Costa
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Thomas N. Stewart, III
369 Blue Oak Lane
Clayton, Ca 94517
(925) 672-8452

Attorneys (If Known)

MEJ    E-filing ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | | | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| | | | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [X] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Judge from Magistrate Judgment

Transferred from

Appeal to District

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 12101

Brief description of cause:
ADA title III

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE    [ ] EUREKA

DATE
December 6, 2010

SIGNATURE OF ATTORNEY OF RECORD

THOMAS N. STEWART, III - #88128
ATTORNEY AT LAW
369 BLUE OAK LANE, 2nd FLOOR
CLAYTON, CA 94517
TELEPHONE (925) 672-8452
TELEFAX (925) 673-1729
Attorneys for Jesus Torres

FILED
2010 DEC -7 P 3: 55
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEJ

| | |
|---|---|
| JESUS TORRES,<br>DAVID JOHNSON,<br><br>    Plaintiffs,<br><br>v.<br><br>GALLUP & WHALEN<br>SANTA MARIA,<br><br><br>        Defendant.<br>_____/ | Case No. CV 10-0  5541<br><br>Civil Rights<br><br>COMPLAINT FOR PRELIMINARY AND<br>PERMANENT INJUNCTIVE RELIEF AND<br>DAMAGES: DENIAL OF CIVIL RIGHTS AND<br>PUBLIC FACILITIES TO PHYSICALLY<br>DISABLED PERSONS (CIVIL CODE §§ 54,<br>54.1 AND 55; INJUNCTIVE RELIEF PER<br>TITLE III, AMERICANS WITH DISABILITIES<br>ACT OF 1990 |

Plaintiffs, Jesus Torres and David Johnson, allege:

FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION:
PUBLIC FACILITIES AT A SHOPPING CENTER (Civil Code §§ 51, et seq.)

1.    Jesus Torres (Torres) is permanently visually impaired to the extent that he is legally

blind.  He is thus is a "person with a disability" and "physically handicapped person".  Torres

requires the use of a cane for locomotion and is either unable to use portions of public facilities

Complaint                              1

1 | which are not accessible to the visually impaired, or is only able to use such portions with

2 | undue difficulty.

3 | David Johnson (Johnson) is a C5/6 quadriplegic as the result of an accident. He does

4 | not have the use of his legs, and has limited use of his hands, and is a "person with a disability"

5 | and "physically handicapped person". Johnson requires the use of a wheelchair for locomotion

6 | and is either unable to use portions of public facilities which are not accessible to disabled

7 | persons who require the use of a wheelchair or is only able to use such portions with undue

8 | difficulty.

9 | 2. The "Courtyard Shopping Center" (the Center) is a shopping center located at 2100 (and up)

10 | Contra Costa Boulevard, Pleasant Hill, California and is open to the public. Defendant owns the

11 | real property where the Center is located.

12 | 3. Summary of facts: This case involves the denial of access to Torres and others similarly

13 | situated at the Center on October 16, 2010. Torres was denied equal protection of the law and was

14 | denied Civil Rights under both California law and federal law, as below described because the

15 | "Smart and Final" store at the Center had numerous protruding object, which made the Center not

16 | properly accessible to Torres and to others similarly situated. Torres seeks injunctive relief to

17 | require Defendant to correct those barriers, to comply with ADAAG and the CBC where required,

18 | to remove all barriers to access in the Center which are readily achievable, to make all reasonable

19 | accommodations in policy in order to enable Torres and others similarly situated to use the Center

20 | and at minimum, to use readily achievable alternative methods to enable Torres to use the goods

21 | and services which the Center makes available to the non-disabled public. Torres also seeks the

22 | recovery of damages for his personal damages involved in the discriminatory experiences on

23 | Complaint                         2

October 16, 2010, and seeks recovery of reasonable attorney's fees and litigation expenses and costs according to statute.

This case also involves the denial of access to Johnson and others similarly situated at the Center on November 11, 2010. Johnson was denied equal protection of the law and was denied Civil Rights under both California law and federal law, as below described because accessible parking for the"Boston Market" and "Rite-Aid"stores at the Center had access aisles which were not level, and the "Boston Market" parking space had its access aisle on the wrong side, which made the Center not properly accessible to Johnson and to others similarly situated. Johnson seeks injunctive relief to require Defendant to correct those barriers, to comply with ADAAG and the CBC where required, to remove all barriers to access in the Center which are readily achievable, to make all reasonable accommodations in policy in order to enable Johnson and others similarly situated to use the Center and at minimum, to use readily achievable alternative methods to enable Johnson to use the goods and services which the Center makes available to the non-disabled public. Johnson also seeks the recovery of damages for his personal damages involved in the discriminatory experiences on November 11, 2010, and seeks recovery of reasonable attorney's fees and litigation expenses and costs according to statute.

4. Jurisdiction: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Civil Code §§ 51, et seq.

5. Venue: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact that the location where Plaintiffs experienced their discrimination is located in this district and that

Complaint                                    3

1   Plaintiffs' causes of action arose in this district.

2   6. Intradistrict: This case should be assigned to the San Francisco intradistrict because the

3   incident occurred in, and Plaintiffs' rights arose in, the San Francisco intradistrict.

4   7. The Center is a "public accommodation or facility" subject to the requirements of California

5   Civil Code § 51, et seq.

6   8. Placeholder.

7   9. Defendants are and were the owners, operators, managers, lessors and lessees of the subject

8   Center at all times relevant herein. Plaintiffs are informed and believes that each of the

9   Defendants is and was the agent, employee or representative of each of the other Defendants, and

10   performed all acts and omissions stated herein within the scope of such agency or employment or

11   representative capacity and is responsible in some manner for the acts and omissions of the other

12   Defendants in proximately causing the damages complained of herein.

13   10. Plaintiffs and others similarly situated are disabled persons who are visually impaired or

14   mobility impaired and are unable to use public facilities on a "full and equal" basis unless each

15   such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990

16   and the regulations thereof. Under Civil Code §§ 51, et seq., Defendants were required to comply

17   with the requirements of the Americans with Disabilities Act of 1990 and the federal regulations

18   adopted pursuant thereto. The acts and omissions of which Plaintiffs complain took place at the

19   Center.

20   11. Civil Code §§ 51, et seq., were enacted to prohibit discrimination against people with

21   disabilities and to encourage the full and free use by people with disabilities of public facilities

22   and other public places. CC §§ 51, se seq. state that a violation of the Americans with Disabilities

23   Complaint                              4

Act of 1990 is a "violation of this section"; CC § 52 states that minimum damages for discrimination are $4,000 for each incidence of discrimination.

12. Health & Safety Code § 19955 was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code." Such public accommodations include those which are the subject of this action. On information and belief, Title 24 California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of construction and of each alteration of work, all of which occurred after July 1, 1982, thus requiring access complying with the specifications of title 24 for all such construction and for each such "alteration, structural repair or addition".

13. The Smart & Final store at the Center has numerous protruding object hanging from its shelves. On October 16, 2010 Torres patronized that Smart & Final store. When he did so, his face brushed against the protruding objects on several occasions. Thus, on October 16, 2010, Torres patronized the Center, encountered each of the above-described barriers, and experienced difficulty, discomfort or embarrassment because of it.

At the Center, the access aisles which serve the accessible parking spaces are not level, because they have ramps inside them. Further, the access aisle for the accessible parking space next to the Boston Market restaurant and the Center is on the wrong side. On November 11, 2010, Johnson patronized Boston Market and Rite-Aid at the Center. At that time, he was unable to use the parking space that served Boston Market, because he was a passenger in his vehicle, and there is a curb on the passenger side of that "accessible" parking space. Thus, on November 11, 2010, Johnson patronized the Center, encountered each of the above-described barriers, and experienced

Complaint                                      5

1    difficulty, discomfort or embarrassment because of it.

2    14. Defendants' failure to remove the barriers as aforesaid, remove all readily achievable barriers,

3    institute policies in furtherance of accessibility or at least have an alternate policy to enable

4    Plaintiffs to use the goods and services offered to the non-disabled public without having to suffer

5    the indignities, as aforesaid, was a violation of the California Center Code, the Americans with

6    Disabilities Act and federal regulations adopted pursuant thereto, and as a consequence, was a

7    violation of Civil Code §§ 51 and 54, et seq.

8    15. Injunctive relief: Plaintiffs seek injunctive relief to prohibit the acts and omissions by

9    Defendant at the Center as stated above which appear to be continuing, and which have the effect

10   of discriminating against Plaintiffs based on their disability.  Plaintiffs will continue to patronize

11   the Center.  Such acts and omissions are the cause of humiliation and inconvenience of Plaintiffs

12   in that these actions continue to treat Plaintiffs as inferior and second class citizens and serve to

13   discriminate against Plaintiffs on the sole basis that Plaintiffs are persons with disabilities.

14   Plaintiffs are unable so long as such acts and omissions of Defendant continue, to achieve equal

15   access to and use of this public facility.  The acts of Defendant have proximately caused and will

16   continue to cause irreparable injury to Plaintiffs if not enjoined by this Court.

17   16. Damages: As a result of the denial of equal access to the Center and due to the acts and

18   omissions of Defendants and each of them in owning, operating and/or leasing the Center, each

19   Plaintiff suffered a violation of Civil Rights including but not limited to rights under Civil Code

20   §§ 51, et seq., and suffered mental and emotional distress, all to Plaintiffs' damages. Defendant's

21   actions and omissions to act constituted discrimination against Plaintiffs on the sole basis that

22   Plaintiffs were physically disabled and unable to use the facilities on a full and equal basis as other

23   Complaint                           6

persons.  Plaintiffs seek the minimum damages of $4,000 pursuant to CC § 52, et seq.

17.  Fees and costs: As a result of Defendant's acts, omissions and conduct, Plaintiffs have been required to incur attorney's fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiffs' rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiffs therefore seek recovery of all reasonable attorney's fees and costs, pursuant to the provisions of Civil Code §§ 52. Additionally, Plaintiffs' lawsuit is intended not only to obtain compensation for damages to Plaintiffs, but also to force the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorney's fees, litigation expenses and costs pursuant to Code of Civil Procedure § 1021.5.

18.  Wherefore, Plaintiffs ask this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to comply with the requirements of the California Center Code, the Americans with Disabilities Act of 1990 and regulations adopted pursuant thereto with respect to access of disabled persons to the Center; for statutory damages and attorneys' fees pursuant to CC § 52.

SECOND CLAIM FOR RELIEF:
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
42 USC §§ 12101 FF

19.  Plaintiffs reallege the allegations of paragraphs 1-18 hereof.

20.  Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities"; that "historically society has tended to isolate and segregate individuals with disabilities"; and that "such forms of

Complaint                                7

1    discrimination against individuals with disabilities continue to be a serious and pervasive social

2    problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure

3    equality of opportunity, full participation, independent living and economic self sufficiency for

4    such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and

5    prejudice denies people with disabilities the opportunity to compete on an equal basis and to

6    pursue those opportunities for which our free society is justifiably famous ..."

7    21. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC

8    §12101(b)):

9        It is the purpose of this act
         (1) to provide a clear and comprehensive national mandate for the elimination of
10       discrimination against individuals with disabilities;

11       (2) to provide clear, strong, consistent, *enforceable standards* addressing discrimination
         against individuals with disabilities;

12
         (3) to ensure that the Federal government plays a central role in enforcing the standards
13       established in this act on behalf of individuals with disabilities; and

14       (4) to invoke the sweep of Congressional authority, including the power to enforce the
         14th Amendment and to regulate commerce, in order to address the major areas of
15       *discrimination faced day to day* by people with disabilities (emphasis added).

16   22. As part of the Americans with Disabilities Act, Public Law 101-336 (hereinafter the "ADA"),

17   Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

18   (42 USC 12181 ff). Among "private entities" which are considered "public accommodations" for

19   purposes of this Title is an office Center (Regulation 36.104).

20   23. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis

21   of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

22   advantages or accommodations of any place of public accommodation by any person who owns,

23       Complaint            **8**

leases or leases to, or operates a place of public accommodation."

24. Among the specific prohibitions against discrimination were included: *§12182(b)(2)(A)(ii)*: "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities ..."; *§12182(b)(A)(iii)*: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services ..."; *§12182(b)(A)(iv)*: "A failure to remove architectural barriers and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable"; *§12182(b)(A)(v)*: "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable". The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

25. The removal of each of the barriers complained of by Plaintiffs as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. Because the Center was not accessible, Defendants had an obligation to have some sort of plan which would have allowed Plaintiffs to enjoy the Center's services without having to suffer the indignities as aforesaid.

26. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC

Complaint                                    9

2000(a)-3(a), as Plaintiffs are being subjected to discrimination on the basis of disability in violation of this Title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §12182.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiffs and of other disabled persons to access this public accommodation since on or before October 16, 2010.  Pursuant to §12188(a)(2), "In cases of violations of §12182(b)(2)(A)(iv) ... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

27.  Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Each Plaintiff is a person for purposes of Section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to patronize the Center.

Wherefore Plaintiffs pray for relief as hereinafter stated:

PRAYER

1.  Issue a preliminary and permanent injunction directing Defendants to modify its facilities as required by law to comply with the ADAAG and the CBC where required, remove all barriers where it is readily achievable to do so, institute policies in furtherance of accessibility or at least have an alternate policy to enable Plaintiffs to use the goods and services offered to the non-disabled public so that it provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to maintain its

Complaint                                           10

1  facilities usable by plaintiff and similarly situated persons with disabilities in compliance with

2  federal regulations, and which provide full and equal access, as required by law;

3      2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that

4  Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible

5  public facilities as complained of herein no longer occur, and will not recur;

6      3. Award to Plaintiffs all appropriate statutory damages;

7      4. Award to Plaintiffs all reasonable attorneys' fees, all litigation expenses, and all costs of

8  this proceeding as provided by law; and

9      5. Grant such other and further relief as this Court may deem just and proper.

10  Date: December 6, 2010

12      ___S/Thomas N. Stewart, III_____
        Attorney for Plaintiffs

23  Complaint                                    11